IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ENJOLIA N. TROWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 23-1088 (MN) |
| ) | |
| DELAWARE DEPARTMENT OF STATE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Enjolia N. Trower, Dover, Delaware – Pro Se Plaintiff.

May 7, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On October 2, 2023, Plaintiff Enjolia N. Trower filed this employment discrimination action. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

Plaintiff brings a claim under Title VII of the Civil Rights Act of 1964 alleging that, on April 23, 2021, she was wrongfully terminated based on race. On February 19, 2022, Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). On June 23, 2023, the EEOC issued a notice-of-right-to-sue letter, advising her that it would not pursue the charge, but that she could file a lawsuit within 90 days of receiving the letter. (D.I. 6). Plaintiff alleges that she received the notice-of-right-to-sue letter on June 29, 2023. (D.I. 2 at 2). Plaintiff filed this lawsuit on October 2, 2023.

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  DISCUSSION

A complaint alleging a violation of the Title VII must be filed within 90 days of the complainant receiving notice of the EEOC's decision not to pursue the administrative charge, in

the form of a notice-of-right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). The failure to file suit within 90 days after the receipt of a right-to-sue letter from the EEOC renders a plaintiff's action untimely. *See, e.g.*, *Waiters v. Aviles*, 418 F. App'x 68, 71 (3d Cir. 2011). The 90-day rule is strictly construed and "in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

On June 23, 2023, the EEOC issued the right to sue letter. Plaintiff received the letter on June 29, 2023. Accordingly, Plaintiff had until Wednesday, September 27, 2023 to file her federal complaint. This case, however, was not filed until October 2, 2023. Accordingly, the Complaint must be dismissed as time-barred.

### IV.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint as time-barred.

An appropriate Order will be entered.